# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | |
|---|---|
| NEXBANK, A TEXAS STATE-CHARTERED BANK, § § § | |
| Plaintiff § § | |
| v. § | Civil Action No.: 3:26-cv-00132 |
| § § | |
| QUONTIC BANK, and DOES 1 through 25 inclusive, § § § | |
| Defendants § | |

## COMPLAINT

Plaintiff NEXBANK, a Texas state chartered bank ("Plaintiff") alleges as follows:

## JURY DEMAND

Plaintiff hereby demands a jury trial.

## NATURE OF THE ACTION

1. Plaintiff entered into a certain loan purchase agreement (the "Agreement") with Defendant QUONTIC BANK ("Seller"), pursuant to which certain mortgage loans were assigned and conveyed from Defendants to Plaintiff.

2. Among other things, Defendants represented and warranted to Plaintiff that: (i) each of the mortgage loans conformed to Defendants' representations and warranties; and (ii) upon demand, Defendants would repurchase any non-conforming loan(s). Plaintiff relied upon these representations and paid substantial value to Defendants for these loans. Plaintiff later discovered that many of the loans were defective, and came nowhere close to living up to the representations made by Defendants. Some of the loans were completely

worthless.

3. Plaintiff promptly sent notice to Defendants that certain of the mortgage loans did not conform with Defendants' representations and warranties and called upon Defendants to repurchase those defective loans. Despite multiple requests from Plaintiff, Defendants have wrongfully failed and refused to repurchase the such loans. Through their deceit, inaction and continual failures to take any corrective action, Defendants have caused substantial damage to Plaintiff. This action seeks redress for such damages.

## PARTIES

4. Plaintiff is Texas state-chartered bank, whose principal place of business is in Dallas County, Texas.

5. Seller is a New York State federal savings bank, whose principal place of business is in Queen County, New York.

6. At all relevant times, Defendants DOES 1 through 25, inclusive, were individuals, entities, or organizations whose true names and capacities are presently unknown to Plaintiff, and who are therefore sued under fictitious names. Plaintiff alleges that each of the DOE Defendants was the agent, servant, employee, or representative of the other Defendants, and in doing the things alleged herein, acted within the course and scope of such agency, service, employment, or representation. Plaintiff further alleges that the DOE Defendants are responsible in some manner for the occurrences alleged herein and that Plaintiff's damages, as alleged, were proximately caused by the acts and omissions of the DOE Defendants. Plaintiff will proceed with due diligence to discover the identities of the DOE Defendants and will amend this Complaint to substitute their true names and capacities once ascertained. Plaintiff reserves the right to amend this Complaint to allege additional facts and claims against the DOE Defendants as discovery progresses.

## JURISDICTION AND VENUE

7. The Agreement in pertinent part provides that venue for actions arising from the Agreement or relating to the subject loans "shall be commenced, heard and determined exclusively in any state or federal court located in Dallas County, Texas," and further provides that Defendants submit themselves to the personal jurisdiction of such courts for the purposes of such action(s).

8. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 (exclusive of costs);

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants, via the Agreement, delivered the purchased Mortgage Instrument to Plaintiff in Dallas County, Texas.

## FACTUAL BACKGROUND OF THE DISPUTE

10. On or about January 31, 2022, Plaintiff and Seller entered into a written agreement (the "Agreement") regarding the purchase and sale of certain mortgage loans (each, a "Mortgage Loan").

11. In Subsection 7.08 of the Agreement, except as preempted, the parties' rights and obligations under the Agreement shall be governed by the laws of the State of New York.

12. In Subsection 5.03 of the Agreement, Defendants made certain representations and warranties as to each Mortgage Loan's validity, enforceability, lien priority, and other characteristics.

13. In Subsection 5.04 of the Agreement, Defendants acknowledged and agreed that each representation is a material inducement for Plaintiff to enter into the Agreement and to consummate the purchase of the Mortgage Loans.

14. In Subsection 7.01(d) of the Agreement, Defendants agreed that if any Mortgage Loan did not conform to the Defendants' representations and warranties

(a "Defect"), then upon written notice of such Defect, Defendants would either: (i) cure the Defect to Plaintiff's satisfaction; or (ii) upon Plaintiff's election, repurchase the Mortgage Loan pursuant to specified terms.

15. In <u>Subsection 7.05</u> of the Agreement, Defendants agreed to indemnify and hold harmless Plaintiff and its affiliates/representatives (each a "Purchaser Indemnitee") from certain indemnified losses (including costs, damages, and attorneys' fees) arising from: (a) Defendants' breach of the representations and warranties; (b) Defendants' failure of performance; (c) any error, action, inaction, misstatement, or omission by or on behalf of Defendants in connection with any Mortgage Loan or in connection with the performance of Defendants' agreements, covenants, obligations, or other undertakings in the Agreement; and (d) any action taken or caused to be taken by or on behalf of such Purchaser Indemnitee to enforce Defendants' cure, repurchase, indemnification, or other obligations under the Agreement.

16. In <u>Subsection 7.06</u> of the Agreement, Defendants agreed that a cause of action against Defendants shall be deemed to accrue upon discovery of the breach, *and* Defendants' failure to cure/repurchase/indemnify, *and* Plaintiff's written demand for Defendants' compliance with the Agreement.

17. Plaintiff substantially performed its material obligations and duties under the Agreement when it purchased the Mortgage Loans from Defendants.

18. One or more of the Mortgage Loans contained a material Defect, and specifically, the Defect(s) described in Plaintiff's demand letters to Defendants.

19. On April 3, 2025, Plaintiff sent written notice to Defendants (the "First Demand"), a copy of which is attached hereto as **Exhibit 1** and is incorporated herein by reference. In that First Demand, Plaintiff notified Defendants of: (i) specified Defects (the "Noticed Defect") in certain Mortgage Loans (the "Noticed Loan"); and (ii) Plaintiff's demand for Defendants to

promptly cure the Noticed Defect and/or repurchase the Noticed Loan.

20. Notwithstanding the First Demand letter, Defendants did not timely cure the Noticed Defect or timely repurchase the Noticed Loan.

21. On May 29, 2025, Plaintiff sent further written notice to Defendants (the "Second Demand"), a copy of which is attached hereto as **Exhibit 2** and is incorporated herein by reference. In the Second Demand, Plaintiff notified Defendants of: (i) Defendants' failure to timely cure the Noticed Defect and/or repurchase the Noticed Loan; (ii) Defendants' breach of their remedial obligations set forth in Subsection 7.01(d) of the Agreement; and (ii) Plaintiff's demand that Defendants promptly indemnify Plaintiff, pay certain default interest to Plaintiff, and make a curative repurchase.

22. Notwithstanding the Second Demand letter, Defendants still did not timely cure the Noticed Defect or timely repurchase the Noticed Loan. Defendants also failed to timely provide the indemnification, default interest, or the curative repurchase demanded in the Second Demand.

23. On August 7, 2025, Plaintiff sent additional written notice to Defendants (the "Third/Final Demand"), a copy of which is attached hereto as **Exhibit 3** and is incorporated herein by reference. In the Third/Final Demand, Plaintiff gave Defendants notice of their ongoing, uncured breaches of certain obligations under the Agreement, and further demanded that Defendants indemnify Plaintiff, pay default interest, and make a curative repurchase through a curative payment by a certain "Final Deadline."

24. Notwithstanding the Third Demand letter, Defendants still did not timely cure the Noticed Defect, or timely repurchase the Noticed Loan. Defendants also continued to fail to timely provide the indemnification, default interest, and the curative repurchase demanded in the Third/Final Demand.

25. As result, Plaintiff has been harmed in an amount to be proven at trial,

but not less than the "Payment Amount" set forth in the Third/Final Demand Letter, plus costs and fees, including attorneys' fees, incurred to enforce Plaintiff's rights under the Agreement.

# CLAIMS FOR RELIEF

# FIRST CLAIM FOR RELIEF

### (Breach of Contract against All Defendants)

26. Plaintiff hereby repeats and incorporates by reference the allegations contained in the preceding Paragraphs as though fully set forth herein.

27. Plaintiff and Defendants entered into a valid and enforceable contract, and specifically, the Agreement.

28. Plaintiff performed all of its obligations under the Agreement, in that Plaintiff purchased certain Mortgage Loans from Defendants.

29. Defendants materially breached the Agreement by failing to cure the Noticed Defects in the Noticed Loan, by failing to repurchase the Noticed Loan, by failing to provide indemnity to Plaintiff, by failing to pay default interest, by failing to make curative payments, and by failing to indemnify Plaintiff, thereby saddling Plaintiff with defective Mortgage Loans.

30. Plaintiff has been harmed by Defendants' breaches of the Agreement in an amount to be determined at trial, but believed to be no less than the Purchase Amount set forth in the Third/Final Demand, plus costs, interest, and reasonable attorneys' fees.

# SECOND CLAIM FOR RELIEF

### (Specific Performance against All Defendants)

31. Plaintiff hereby repeats and incorporates by reference the allegations contained in the preceding Paragraphs as though fully set forth herein.

32. Plaintiff and Defendants entered into a valid and enforceable contract, and specifically, the Agreement.

33. Plaintiff performed all of its obligations under the Agreement, in that Plaintiff purchased certain Mortgage Loans from Defendants.

34. Defendants materially breached the Agreement by failing to cure the Noticed Defects in the Noticed Loan, by failing to repurchase the Noticed Loan, by failing to provide indemnity to Plaintiff, by failing to pay default interest, by failing to make curative payments, and by failing to indemnify Plaintiff, thereby saddling Plaintiff with defective Mortgage Loans.

35. Monetary damages are inadequate to remedy Defendants' breaches, in that Defendants agreed to not only cure the Noticed Defect and/or repurchase the Noticed Loan, but to also hold Plaintiff harmless from all damages, claims, liabilities, losses, and mere reimbursement does not save Plaintiff harmless.

36. Specific performance is feasible, because the Court can feasibly order Defendants to repurchase the Noticed Loan as required by the Agreement. The Court can also feasibly order Defendants to hold Plaintiff harmless from any of the indemnified losses under the Agreement.

## THIRD CLAIM FOR RELIEF

**(Breach of Covenant of Good Faith and Fair Dealing against All Defendants)**

37. Plaintiff hereby repeats and incorporates by reference the allegations contained in the preceding Paragraphs as though fully set forth herein.

38. Every contract imposes on each party a duty of good faith and fair dealing in its performance and enforcement of the contractual obligation.

39. Defendants' actions and omissions destroyed Plaintiff's right to receive the benefits of the Agreement.

40. Defendants' refusal to repurchase the Noticed Loan as required by the Agreement has deprived Plaintiff of the benefits of the Agreement, thereby saddling Plaintiff with defective Mortgage Loans.

41. Defendants' refusal to honor their curative and repurchase obligations

despite clear contractual requirements demonstrates bad faith and improper motive.

42. Plaintiff has been damaged as a result of Defendants' breach of the implied covenant of good faith and fair dealing, in an amount to be determined at trial, but believed to be no less than the Purchase Amount set forth in the Third/Final Demand, plus costs, interest, and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Fraud against All Defendants)

43. Plaintiff hereby repeats and incorporates by reference the allegations contained in the preceding Paragraphs as though fully set forth herein.

44. At the time that Plaintiff and Defendants entered into the Agreement, Defendants made false representations of material fact to Plaintiff, in that Defendants represented and warranted to Plaintiff that the Mortgage Loans were free of Defects, and that Defendants would cure the Defects or repurchase the defective loans upon Plaintiff's demand, while further indemnifying and saving Plaintiff harmless from loss.

45. Defendants knew those representations were false when made.

46. Defendants intended to induce Plaintiff's reliance on these false representations.

47. Plaintiff justifiably relied on Defendants' false representations.

48. Plaintiff was harmed by Defendants' false representations, in that Plaintiff is now saddled with the defective Mortgage Loans.

49. Accordingly, Plaintiff has been damaged in an amount to be determined at trial, but believed to be no less than the Purchase Amount set forth in the Third/Final Demand, plus costs, interest, and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment against All Defendants)

50. Plaintiff hereby repeats and incorporates by reference the allegations

contained in the preceding Paragraphs as though fully set forth herein.

51. To prevail on a claim for unjust enrichment in New York State, a plaintiff must establish "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff...and as such, requires restitution." *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 519 (2d Cir. 2001) (collecting cases).

52. Plaintiff purchased, holds, and continues to service the defective Noticed Loan.

53. Plaintiff took these actions at the behest of Defendants, and Defendants received and retained the benefit of Plaintiff's actions.

54. Among other things, the expectation was the Mortgage Loans would not be committed, sold, or conveyed to Plaintiff unless they complied with the quality control standards set forth the Agreement, and that Defendants would adhere to their repurchase and indemnity obligation upon demand if it was found that any of the Mortgage Loans had a Defect.

55. Defendants failed to adhere to these requirements despite having received demands to promptly do so.

56. Given Defendants' failure to fulfill their obligations despite multiple written demands, the presumption is that Defendants will continue to do so, further causing Plaintiff substantial financial harm.

57. It is against equity and good conscience to permit Defendants to retain what is sought to be recovered by Plaintiff.

58. Accordingly, Plaintiff has been damaged in an amount to be determined at trial, but believed to be no less than the Purchase Amount set forth in the Third/Final Demand, plus costs, interest, and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### (Indemnification against All Defendants)

59. Plaintiff hereby repeats and incorporates by reference the allegations contained in the preceding Paragraphs as though fully set forth herein.

60. The Agreement is a valid and enforceable contract between Plaintiff and Defendants.

61. Plaintiff substantially performed all its obligation and duties under the Agreement when it purchased the Mortgage Loans.

62. As set forth above, the Agreement contains an indemnity provision requiring Defendants to indemnify Plaintiff for losses, including attorneys' fees.

63. Defendants have4 breached the Agreement's indemnity provision by failing to indemnify Plaintiff for losses incurred due to, among other things, Defendants providing materially inaccurate, incomplete, false, or misleading information to Plaintiff, and by failing to indemnity Plaintiff against losses incurred as a result of Defendants' breaches of representations and warranties as well as their repurchase obligations under the Agreement.

64. Defendants' breach of the Agreement's indemnity provision has resulted in damages to Plaintiff.

65. Accordingly, Plaintiff has been damaged in an amount to be determined at trial, but believed to be no less than the Purchase Amount set forth in the Third/Final Demand, plus costs, interest, and reasonable attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

### (Contractual Legal Fees and Costs against All Defendants)

66. Plaintiff hereby repeats and incorporates by reference the allegations contained in the preceding Paragraphs as though fully set forth herein.

67. Pursuant to the Agreement, Defendants are responsible for all legal fees and costs of litigation and preparation thereby incurred by Plaintiff.

68.  By reasons of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff requests judgment and relief from this Court as follows:

(A)  Judgment be entered in favor of Plaintiff and against Defendants on all claims as herein alleged;

(B)  Judgment be entered against Defendants in an amount according to proof at trial, but in an amount no less than the Purchase Amount set forth in the Third/Final Demand, plus costs, interest, and reasonable attorneys' fees;

(C)  That Defendants be ordered to specifically perform their obligations under the Agreement by repurchasing the Noticed Loan and indemnifying Plaintiff for all losses, including attorneys' fees;

(D)  For punitive damages; and

(E)  For such other and further relief as the Court may deem just and proper.

DATED: this 16th day of January, 2026

HALL GRIFFIN LLP

_/s/ Valerie J. Schratz_
Valerie J. Schratz
TX State Bar No. 24146187
8951 Cypress Waters Blvd., Suite 160
Coppell, Texas 75019
Telephone: (714) 918-7000
Fax: (714) 918-6996
vschratz@hallgriffin.com

Attorneys for Plaintiff NEXBANK, a Texas state-chartered bank